Ex Parte the Municipality of Bayamón.

Appeal from the District Court of San Juan

No. 143.—Decided June 15, 1904.

Ownership—Possession Under a Proper Title—Possession of Predecessor in Interest.—Where the petitioner in a proceeding to secure a dominion title has not been in possession of the real estate for the period of time required by the law, he may add to the time of his possession the time of possession held by his predecessor in interest, but even where the petitioner's possession has been under a proper title, it is also necessary that his predecessor in interest shall have held the possession of the same under a proper title.

Id.—Classification of Title.—For the purpose of determing the nature of the title under which possession is held, it is not sufficient that the witnesses should testify that the petitioner or his predecessors in interest held the property under title of ownership, but they should state the facts, from which the court may determine the legal nature of the title, since the classification thereof is à prerogative residing exclusively with the court.

### STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of San Juan by the municipality of Bayamón, represented by Attorney Luis Freyre Barbosa, to prove the ownership of two lots. The case is pending before us on an appeal taken by counsel for the petitioner from the judgment rendered by the said district court, a copy of which reads as follows, to wit:

"San Juan, Porto Rico, November 4, 1903. Attorney Luis Freyre Barbosa, on behalf of the Municipality of Bayamón, filed in this court a petition for a declaration of ownership (dominion title) to a rural estate situated in the *barrio* of Cataño, Bayamón, measuring 12½ meters in front by 15 meters in depth, upon which there is situated a frame house with a galvanized iron roof, used as a slaughter-house, the same having been acquired by purchase eight months since from Zacarías Ramos; and also a lot situated in the town of Naranjito, within the municipality of Bayamón, measuring 12 meters in front by 25 meters in depth, upon which there is a frame house with a galvanized iron roof, both lot and house having been acquired in the year 1898, by purchase made by the then municipality of Naranjito from Alfredo Achilla.

"The petition having been admitted and the proper action taken thereon, and the adjoining property owners, the former owners, and the unknown persons whose interests might be prejudiced having been cited, the latter by means of notices published in the editions of the 8th, 10th and 11th of August, in the newspaper of this city, 'The Porto Rico Sun,' the witnesses Pedro Colón, Carlos Valldejuli and Lorenzo Maldonado testifying that they know of their own knowledge that Zacarías Ramos and Alfredo Achilla, from whom the municipality of Bayamón acquired the property which is the subject matter of these proceedings, bought the same from Miguel Bautista and Modesto Achilla, respectively; that the lot in *barrio* Cataño, and the building used as a slaughter-house, have been in possession

of the municipality of Bayamón for about a year, and the lot and house in the town of Naranjito, ever since the said town was annexed to the municipality of Bayamón, the former having acquired the same in the year, 1898, and that the former possessors thereof enjoyed the same under title of ownership for more than twenty years without opposition from any one, paying the taxes assessed thereon in their own names.

''The parties having been cited to appear at the oral hearing, the petitioner only did so, and made such allegations as were deemed pertinent in support of the petition.

''It has been shown that the municipality of Bayamón can invoke in its favor, with respect to the property situated in the *barrio* Cataño, possession for approximately one year under a proper title of purchase, and approximately five years with respect to the property situated in the town of Naranjito, also under a proper title of purchase.

''The petitioner can add to its possession the twenty years during which the said property herein involved was in the possession of its predecessors in interest, but it does not appear that the latter held the said property under a proper title, since it is not sufficient that the witnesses should state that the persons from whom the municipality of Bayamón acquired its rights possessed the same under title of ownership, because it is within the exclusive province of the courts to determine the character of the title, and the witnesses should confine their testimony to a statement of the facts, from which the legality and sufficiency of the title may be determined.

''Possession for ten years under a proper title and in good faith is necessary for acquisition by prescription, and in the absence of this necessary requisite possession for thirty years is imperatively required.

''The acquisition of the ownership has not been shown by any of the other means (of those prescribed by law) besides prescription. In view of the provisions of article 395 *et seq.* of the Mortgage Law, the declaration of ownership (dominion title) sought is denied. It was so ordered by the court, and signed, to which I certify.''

From this judgment the petitioner took an appeal, which was allowed both for review and stay of proceedings, and the record having been sent up to this court, the parties cited and summoned, and the appellant having entered an appearance,

the proper procedure was followed, and a day having been set for the hearing, the same was had, only the *fiscal* of this Supreme Court being present to oppose the appeal.

*Mr. Freyre Barbosa,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact contained in the judgment appealed from, as also the conclusions of law, with the exception of the third.

In accordance with the Judicial Order of April 4, 1899, which is applicable to this case, continuous possession in good faith and with a proper title for six years is necessary to acquire the ownership of real estate by ordinary prescription.

In view of the legal provisions cited, and article 1840 of the Civil Code now in force, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.